IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ALBERT JOINER, JR.,**                                                  **PETITIONER**

v.                                                                          **No. 3:10CV119-M-S**

**MISS. DEPT. OF CORR./HOLMES**
**CO. REGIONAL CORR.**                                                **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Albert Joiner, Jr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state originally moved to dismiss the petition as untimely filed, but then amended its motion, instead seeking to dismiss the petition as procedurally defaulted. The petitioner has responded to the motions, and the matter is ripe for resolution. For the reasons set forth below, the state's amended motion to dismiss will be granted and the petition dismissed as procedurally defaulted.

**Facts and Procedural Posture**

Albert Joiner, Jr. pled guilty to strong armed robbery as a habitual offender in the Circuit Court of Lafayette County, Mississippi. Joiner was originally indicted for robbery with a deadly weapon as an habitual offender under Mississippi Code Ann. § 99-19-83. Under an "Agreed Motion and Order to Reduce Charges," Joiner's charge was reduced to strong armed robbery as a lesser habitual offense. Joiner was sentenced on October 18, 2007, to serve a term of fifteen years without parole in the custody of the Mississippi Department of Corrections. Joiner's sentence was ordered to run consecutively with his charges in LK 07-399, which was a separate indictment for felony fleeing for which Joiner was sentenced on the same day. That plea and

sentence on the felony fleeing charge is the subject of a separate appeal in the Mississippi Supreme Court in Cause No. 2009-CT-0222-SCT which is currently pending on certiorari review in that court.

Joiner signed a "Petition for Post-Conviction Relief" on May 14, 2008, which was stamped as filed in the circuit court on May 21, 2008. Joiner's motion was denied by Order filed January 15, 2009. Joiner appealed the lower court's decision denying him post-conviction relief, and on February 9, 2010, the Mississippi Court of Appeals affirmed the lower court's denial of post-conviction relief. *Joiner v. State,* 32 So. 3d 542 (Miss. Ct. App. 2010), *reh'g denied,* May 25, 2010 (Cause No. 2009-CA-220).

**Procedural Default**

Joiner's petition will be dismissed with prejudice because he defaulted his claims in state court. The trial court's denial of Joiner's initial motion for post-conviction relief was affirmed by the Mississippi Court of Appeals on February 9, 2010, and his petition for rehearing was denied on May 25, 2010. Joiner's counsel filed a petition for writ of certiorari to the Mississippi Supreme Court, which was dismissed as untimely filed pursuant to M.R.A.P. 17(b) because counsel failed to file the petition within the fourteen days proscribed by the rules. Joiner also filed a subsequent motion for reconsideration which was denied under state procedural rules as not properly before the court.

Rule 17(a) of the Mississippi Rules of Appellate Procedure provides that:

A decision of the Court of Appeals is a final decision which is not reviewable by the Supreme Court except on writ of certiorari. Review on writ of certiorari is not a matter of right, but a mater of judicial discretion. The Supreme Court may grant a petition for writ of certiorari on the affirmative vote of four of its members and may, by granting such writ, review any decision of the Court of Appeals.

> Successive review of a decision of the Court of Appeals by the Supreme Court will ordinarily be granted only for the purpose of resolving substantial questions of law of general significance. . . .

Rule 17(a) then lists the types of cases for which review is ordinarily limited. However, the rule clearly states:

> Notwithstanding the presence of one of more of these factors, the Supreme Court may decline to grant a petition for certiorari for review of the decision of the Court of Appeals. The Court may, in the absence of these factors, grant a writ of certiorari.

The Mississippi Supreme Court has sole discretion over whether or not to review the intermediary Court of Appeals' decisions in any case it so desires. Appellants have no right to review, but have the right to seek review. *Harris v. State*, 704 So.2d 1286, 1288 (Miss. 1997), *abrogated on other grounds by Jackson v. State,* 732 So. 2d 187 (Miss. 1999); *see also Cohen v. State,* 732 So. 2d 867, 871 (Miss. 1999). In the present case, Joiner failed to file a timely petition for writ of certiorari under MISS. R. APP. P. 17(b). As the petitioner did not timely seek discretionary review with the Mississippi Supreme Court, he has not exhausted his state court remedies as required under 28 U.S.C § 2254(c); *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 67 USLW 3682 (1999). A state prisoner must present his claims to a state supreme court in a petition for discretionary review when that review is part of the State's ordinary appellate review procedure. *O'Sullivan*, 119 S.Ct. at 1730. Joiner has not filed a timely petition seeking review of his case in the Mississippi Supreme Court; as such, he has not given the state's highest court the opportunity to resolve any constitutional issues. *O'Sullivan*, 119 S.Ct. at 1732.

At this point, Joiner is no longer able to exhaust his claims in the instant petition. *See*

MISS. R. APP. P. 17(b). Therefore, a return to state court at this juncture would be fruitless, as the time for timely seeking certiorari review has long passed.

When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett*, *supra*; *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) (an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal *habeas corpus* review). Joiner has defaulted the claims in the instant petition. As such, federal *habeas corpus* review of these claims is precluded unless the petitioner can prove either cause for his default and actual prejudice resulting from the default – or that a fundamental miscarriage of justice would occur should the court decline to review the merits of the case based upon the default. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule).

The petitioner did not argue that counsel's failure to seek certiorari in the Mississippi Supreme Court was cause for the procedural default in this case. The court will, nonetheless, address that issue in the interest of completeness. Counsel's failure to file a timely appeal, although harmful to the petitioner's case, does not constitute cause for the default because there is no constitutional right to counsel for discretionary review. *See Jackson v. Johnson,* 217 F.3d 360, 365 (5th Cir. 2000), *reh'g denied,* August 21, 2000 (where the Court found that "a criminal defendant has no constitutional right to counsel on matters related to filing a motion for rehearing following the disposition of his case on direct appeal."); *see also Moore v. Cockrell,* 313 F.3d 880, 882 (5th Cir. 2002), *reh'g denied,* January 21, 2003 (citing *Ross v. Moffit,* 417 U.S. 600, 619,

94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) and reiterating the holding in *Jackson* that there is no right to counsel for discretionary review in state court).

No fundamental miscarriage of justice will occur if Joiner's claims are not heard on the merits. The fundamental miscarriage of justice exception requires the petitioner to show, as a factual matter, that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner cannot meet this standard because he has not argued that he is actually innocent of the crime to which he pled guilty.

For the foregoing reasons, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 5th day of July, 2011.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**